UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TIMOTHY TAYLOR,  </br>         Plaintiff | ) </br> ) </br> ) |
| v. | )         2:04 CV 339 |
| NORTHERN INDIANA PUBLIC </br> SERVICE CO. and GARY NEALE, </br>         Defendants | ) </br> ) </br> ) </br> ) |

O P I N I O N

Plaintiff Timothy Taylor commenced this action on August 13, 2004, against his former employer, Northern Indiana Public Service Co. ("NIPSCO") and Gary Neale, alleging that he was demoted, terminated and denied severance benefits on account of his race, violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and, under Indiana law, breaching his contract of employment and constituting torts of interference with contractual and business relations. The complaint alleges that defendant Neale is "president of NiSource, Inc., parent company of NIPSCO, and is the alter ego of NIPSCO and in fact has ultimate control over all major hiring and firing of upper management positions at NIPSCO." Complaint ¶ 6.

Neale, pursuant to FED. R. CIV. P. 12(b)(6), moves to dismiss the complaint. A complaint cannot, of course, be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim unless, after taking the factual allegations as true and drawing all reasonable inferences in the plaintiff's favor, there is no set of facts consistent with the allegations of the complaint that could be proved which would entitle the plaintiff to

relief. *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005). Stated briefly, Neale argues that he cannot be sued under Title VII because he was not named in Taylor's EEOC charge, and because individuals have no liability under Title VII; and that Neale has no liability for tortious interference with business or contractual relationships because the complaint describes only actions taken by Neale as NIPSCO's agent within the scope of his duties, for which those torts will not lie.[1]

As to Title VII, parties not named in the charge filed with the EEOC cannot be sued, because those parties have neither notice of their alleged violation nor an opportunity to participate in the EEOC's conciliatory process aimed at voluntary compliance. However, where the charge is such that it gives notice to the unnamed party who therefore does have the opportunity to participate, suit may be brought against that party. *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126-27 (7th Cir. 1989). The court agrees with Neale that the charge Taylor filed with the EEOC names only NIPSCO and does not allege any facts that would give Neale notice that he was being charged with an act of discrimination, such that he would seek to participate in the EEOC's conciliation process.

Taylor disagrees with this conclusion, and argues that Neale did have notice because the EEOC charge states that Taylor's employment was terminated because he violated a policy that Neale implemented. The court fails to see how this gives Neale

---

[1] In his response to the motion, Taylor agrees that to the extent the complaint alleges a breach of contract claim against Neale, that claim should be dismissed. The court will, therefore, not discuss that matter further in this opinion.

notice because it is clear that Taylor is alleging that violation of the policy (not the policy itself) was a pretext for discrimination, and, as Neale points out in his reply, every corporate policy emanates from some person, so merely connecting a discrimination charge to a policy is not enough to put the policy's author on notice that he or she is a party to the charge. Thus, the court agrees that because Neale was not named in the EEOC charge he may not be named as a defendant in Taylor's Title VII suit against his employer.

Even were this not the case, it is also true that employers, and not individuals who work for the employer, are the only proper defendants under Title VII. *EEOC. v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995). Taylor argues that an exception exists, allowing individuals to be held liable, where those individuals are the employer's alter ego. This court reads *Worth v. Tyer*, 276 F.3d 249, 262 (7th Cir. 2001), to reject the imposition of Title VII liability on individuals using this theory. Thus, because individuals are not liable under Title VII and because Neale was not named in Taylor's EEOC charge, Taylor's complaint against Neale alleging that Neale is liable under Title VII will be dismissed.

As to tortious interference with business and contractual relationships,[2] liability will not lie under Indiana law against an agent for acts performed by an agent within the scope of his or her agency, because that would be tantamount to holding the

---

[2] As Neale points out, there are differences between the two legal theories, *Furno v. Citizens Ins. Co. of America*, 590 N.E.2d 1137, 1140 (Ind. App. 1992), but those differences are not germane to disposition of the present motion.

3

principal liable for interfering with his/her own contract with the plaintiff. *Kiyose v. Trustees of Indiana University*, 166 Ind. App. 34, 44, 333 N.E.2d 886, 891 (1975); *see also Leslie v. St. Vincent New Hope, Inc.*, 873 F. Supp. 1250, 1257 (S.D. Ind. 1995).

All of the allegations of Taylor's complaint appear to describe acts by Neale that would be within the scope of the duties of an agent for NIPSCO: that as the president of NIPSCO's parent corporation, Neale dictated all of NIPSCO's firing and hiring decisions of executive employees. Taylor's response, however, is that his complaint plainly alleges that Neale, rather than being controlled by NIPSCO as he would be were he NIPSCO's agent, was controlling NIPSCO and dictating decisions to NIPSCO; moreover, even if Neale acted as NIPSCO's agent, Indiana recognizes (or at least has not ruled out the possibility) that an agent may be held liable if he/she acts as an individual for the agent's own advantage. *See Daly v. Nau*, 167 Ind. App. 541, 549 n. 6, 339 N.E.2d 71, 76 n.6 (1975); *Kiyose*, 166 Ind. App. at 44, 333 N.E.2d at 891.

Neale, in his reply memorandum, argues that the alleged facts show that he was acting as NIPSCO's agent. Because Taylor's complaint "does not make any allegation . . . to suggest that Neale acted for personal motives or gained any personal advantage by Plaintiff's termination," Reply at 5, Taylor is improperly attempting to amend his complaint which must be dismissed because Taylor has "articulated no personal motives attributable to Neale that would support a claim of tortious interference." Reply at 6.

The latter argument makes it unnecessary to determine whether Neale was, or was not, acting as NIPSCO's agent, because it runs contrary to the liberalities afforded by notice pleading:

> [T]his court has steadfastly held that a plaintiff's complaint "need not plead facts or legal theories; it is enough to set out a claim for relief. . . . " *Nance v. Vieregge*, 147 F.3d 589, 590-91 (7th Cir. 1998). Moreover, "[a] complaint may not be dismissed under Fed.R.Civ.P. 12(b)(6) just because it omits factual allegations . . . ." *La Porte County Republican Cent. Comm. v. Board of Comm'rs of the County of La Porte*, 43 F.3d 1126, 1129 (7th Cir. 1994).

*Herdrich v. Pegram*, 154 F.3d 362, 369 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211, 120 S.Ct. 2143 (2000). "[W]hen the plaintiff challenges dismissal of his complaint for failure to state a claim, the plaintiff may make reference to facts that are as yet hypothetical, in order to demonstrate that he may be able to 'establish a set of facts, consistent with though not necessarily enumerated in his complaint, that would entitle him to a judgment.'" *Pearman v. Norfolk & Western Ry. Co.*, 939 F.2d 521, 523 (7th Cir. 1991) (quoting *Trevino v. Union Pac. R.R.*, 916 F.2d 1230, 1239 (7th Cir. 1990)).

Although cases supporting the position advanced by Neale can be found, this greater weight of authority in the circuit cautions district judges not to grant RULE 12(b)(6) motions on the ground that a plaintiff hasn't pleaded all the facts necessary to support the claim alleged. Thus, Taylor's complaint alleging tortious interference theories will not be dismissed at this stage of the litigation, no matter how unlikely his possibility of proving those theories may appear to be.

For this reason, Neale's "Motion to Dismiss All Claims" (DE # 12) is **DENIED**. However, as to defendant Neale the case goes forward only on Taylor's tortious interference theories and at the conclusion of the litigation Neale will be granted a judgment of dismissal with prejudice on Taylor's Title VII and breach of contract claims.

**SO ORDERED.**

ENTER: May 19, 2005

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT